# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 5, 1910.

GERMANIA QUARTETTE CLUB
VS.
DAMEN VEREIN GERMANIA
QUARTETTE CLUB.

*Gustavus A. Korb* and *E. E. Ottenheimer* for plaintiff.

*Karl A. M. Scholtz* and *W. Harry Holmes* for defendant.

NILES, J.—

The general rule as stated in High on Injunctions, Sec. 1081, is that: "Where a corporation is doing business under a name, the right to which it has acquired by its corporation and prior use, an injunction will lie against another corporation which has been subsequently organized under the same name, or one so familiar as to result in confusion, restraining it from such unauthorized use of plaintiff's corporate name. * * * And where relief is sought for the protection of the plaintiff's right to the use of its corporate name actual fraudulent intent upon the part of the defendant is unnecessary, and the injunction is properly allowed, although the defendant may have acted in entire innocence and good faith in choosing its name, provided the resemblance between the two is such as to result in confusion and consequent injury to the plaintiff's business.

In this case, an unincorporated association bearing the same name as the defendant was organized to be a sort of "Ladies' Auxiliary" to the plaintiff and, for some time, the ladies composing this organization assisted the plaintiff in various ways and sustained a very intimate and close relation with it. In the fall of 1908, however, differences arose and the plaintiff refused to further allow this unincorporated organization to discharge the duties which it had been previously accustomed to perform; there then ceased to be any connection between the two organizations.

In December, 1908, some of the ladies belonging to the voluntary association became incorporated under the name which they had previously borne, although there was then no connection between the plaintiff and the society thus incorporated.

The plaintiff alleges that the use of this name indicates a connection which no longer exists, and that confusion results and loss to itself. The pecuniary loss proven arises from the fact that there are certain public entertainments given by the plaintiff, from which it derives profit, and that similar entertainments are given by the defendant, the result of which is, or may be, that the clientele friends of the plaintiff attend the entertainments of the defendant, because of belief that the defendant is still an auxiliary

80

society to the plaintiff, and will not attend the plaintiff's regular entertainments in addition, so that the plaintiff is seriously damnified. The plaintiff. therefore, seeks that the defendant be restrained from using in its name the words "Germania Quartette Club."

The defendant insists:

First. That the name is entirely different. But it appears to the court that the natural signification of the name is that the defendant is a mere auxiliary of the plaintiff, and that there is a close connection between them. This defence, therefore, cannot be allowed.

Second. The defendant next insists that the ladies constituting the defendant obtained their present name by virtue of the permission of the plaintiff. But the evidence shows that the permission was only given to an unincorporated society, which should be auxiliary to the plaintiff, and which was charged with the especial duty of taking care of the kitchen of the plaintiff's shore at Westport.

Inasmuch as the defendant has no longer any connection with the plaintiff, and no longer performs these duties, the permission must be held to be no longer operative.

Third. The defendant further contends that the plaintiff never asked the defendant to change its name. This does not seem to be necessary under the circumstances.

Permission was certainly never given to ladies having no connection with the plaintiff to form an incorporated society indicating by its name that it had such connection, and if no such permission were ever granted, there was no requirement of notification by the plaintiff that the defendant should no longer use a name to which it never was entitled.

Fourth. The defendant claims that not one cent of damage was proven. But the testimony is convincing that the plaintiff, although its objects are those of a singing and Social Club, also has property, and raises money by various methods. This would seem to be sufficient to give it the right to prevent an unauthorized adoption of its name by another corporation.

See Y. M. C. A. vs. International Committee, 86, 111 App. 607.

For these reasons an injunction will be granted as prayed, with costs to the plaintiff.